## IN THE UNITED STATES DISTRICT COURT
## FOR NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br>v.<br><br>ESTHER ROSENBLATT, HER HEIRS, DEVISEES, PERSONAL REPRESENTATIVES AND HIS/HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST;ROBERT ROSENBLATT, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ESTHER ROSENBLATT; LINDA ROSENBLATT, WIFE OF ROBERT ROSENBLATT; JEFFERY ROSENBLATT; MRS. ROSENBLATT, WIFE/DOMESTIC PARTNER OF JEFFERY ROSENBLATT; STATE OF NEW JERSEY; UNKNOWN TENANTS/OCCUPANTS 1-10; THOMAS J. SCATTERGOOD, ESQ.; BANK OF AMERICA; ASCENSION POINT RECOVERY SERVICES, LLC ON BEHALF OF CITIBANK, N.A.;<br><br>Defendant(s) | Civil Action No.<br><br>**Complaint for Foreclosure and Possession** |

The UNITED STATES OF AMERICA, by and through its attorneys, Frank J. Martone, P.C., states the following claims against the defendants:

### PARTIES

1. Plaintiff, Department of Housing and Urban Development, is an agency of the United States of America, (hereinafter referred to as "United States of America" having an office at 301 NW 6th Street, Suite 200, Oklahoma City, Oklahoma.

2. Upon information and belief, **ESTHER ROSENBLATT** (unmarried) owner and mortgagor, died testate on March 6, 2013.

3. In her Last Will and Testament, **ESTHER ROSENBLATT** named her son, **ROBERT ROSENBLATT** as Executor of her estate. The Application for Probate was filed on

April 2, 2013 by **ROBERT ROSENBLATT** and listed **ROBERT ROSENBLATT (SON)** and **JEFFREY ROSENBLATT (SON)** as the only known heirs of **ESTHER ROSENBLATT**.

(a) **ROBERT ROSENBLATT** is hereby made a party defendant in his capacity as he is an heir at law to and the Executor of the Estate of **ESTHER ROSENBLATT**. He is therefore designated as **ROBERT ROSENBLATT, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ESTHER ROSENBLATT**.

(b) **LINDA ROSENBLATT, WIFE OF ROBERT ROSENBLATT,** is named as party defendant in this action for any curtesy/dower or other interest in said premises.

(c) **JEFFREY ROSENBLATT** is hereby made a party defendant as an heir at law to **ESTHER ROSENBLATT** and for any interest he may have in the subject property.

(d) **MRS. ROSENBLATT, WIFE/DOMESTIC PARTNER OF JEFFREY ROSENBLATT,** is named as party defendant in this action for any curtesy/dower or other interest in said premises.

4. The unknown heirs of **ESTHER ROSENBLATT** are named as party defendants for any interest they may have in the subject property, and are designated as **ESTHER ROSENBLATT, HER HEIRS, DEVISEES, PERSONAL REPRESENTATIVES AND HIS/HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST.**

5. **THE STATE OF NEW JERSEY** is hereby made a party defendant by virtue of its interest in any unpaid transfer and/or inheritance taxes, which may be due by reason of the death of ESTHER ROSENBLATT.

6. Defendants **UNKNOWN OCCUPANTS 1-10** are joined as party defendants to this action because they are tenants/occupants in said premises and they may have a leasehold interest and possessory interest therein. However, no possession is sought against any tenant/occupant protected by the New Jersey Ant-Eviction Statue (N.J.S.A. 2 A:18-61.1, et seq.).

7. Defendants set forth below are holders of docketed judgment(s) in the Superior Court and their liens are subordinate to that of plaintiff, and they are joined because of the judgment that they hold.

(a) Creditor: THOMAS J. SCATTERGOOD, ESQ.
    Debtor: ROBERT ROSENBLATT
    Date Docketed: JANUARY 21, 1997
    Type of Action: CONTRACT
    Debt: $485.00 (plus costs, fees and interest)

(b) Creditor: BANK OF AMERICA
    Debtor: ESTATE OF ESTHER ROSENBLATT
    Date: April 30, 2013
    Debt: $3,528.81

(c) Creditor: ASCENSION POINT RECOVERY SERVICES, LLC ON BEHALF OF CITIBANK, N.A.
    Debtor: ESTATE OF ESTHER ROSENBLATT
    Date: May 2, 2013
    Debt: $1,168.98

## JURISDICTION AND VENUE

8. Jurisdiction is based on 28 U.S.C. §1345, which provided that the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer, and upon 12 U.S.C. 1715 *et seq*.

9. Venue is proper in this district under 28 U.S.C. §1391 and §1396 as the transaction which is the subject matter of this Complaint took place entirely in this district, and the real estate which is the subject of this transaction is located in this district.

## FACTS

10. The mortgagor, **ESTHER ROSENBLATT**, prior to the execution of the note and mortgage, was duly advised and counseled regarding the United States Home Equity Conversion Mortgage (HECM) loan program, which program is regulated and set forth in 24 CFR Part 206, *et seq*. and all subsequent handbooks (4330.1 REV-5), mortgage letters, etc. as set forth by the Secretary of the Department of Housing and Urban Development. The purpose of this program is set forth in 24 CFR 206.1, and as…"set out in section 255 (a) of the National

Housing Act, Public Law 73-479, 48 STAT. 1246 (12 U.S.C. 1715z-20)"; being further regulated by Handbook 4330.01 Rev. 5 and all subsequent mortgage letters as issued and set forth by the Secretary of the Department of Housing and Urban Development.

11. On or about January 14, 2004, **ESTHER ROSENBLATT** executed and delivered to WELLS FARGO HOME MORTGAGE, INC., A CALIFORNIA CORPORATION, its successors and assigns, a Home Equity Conversion Mortgage Adjustable Rate Note, attached hereto as **Exhibit A**, incorporated herein and made a part hereof as it fully written herein. (Note). Under paragraph 2, of the Note, titled: **Borrowers Promise to Pay: Interest**, the mortgagor, **ESTHER ROSENBLATT**, agreed to the following, to wit:

> In return for amounts to be advanced by Lender up to a maximum principal amount of $435,478.50, to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated January 14, 2004 ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. Interest will be charged on unpaid principal at the rate of TWO AND 790/1000 PERCENT (2.7900%) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note. Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

12. Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, the mortgagor, **ESTHER ROSENBLATT** executed and delivered to **WELLS FARGO HOME MORTGAGE, INC., A CALIFORNIA CORPORATION**, a Home Equity Conversion Mortgage, a copy of which is attached hereto as **Exhibit B.**, incorporated herein and made a part hereof as if fully written herein (Mortgage). Said Mortgage was duly recorded on January 29, 2004 in Book 16446, at Page 24, MORRIS County Register, MORRIS County, New Jersey. Said real estate is within the jurisdictional limits of the Court. Said mortgage was not a purchase money mortgage.

13. The mortgaged premises are described as follows:

>All that certain tract or parcel of land and premises situate in the Township of MOUNT ARLINGTON, County of MORRIS and State of New Jersey being more particularly described as follows:
>
>See attached legal description - **Exhibit C**.
>
>Tax Lot 5.02, Block 18, commonly known as 23 WINDMERE AVENUE, MOUNT ARLINGTON, New Jersey 07853.
>
>The metes and bounds description contained in Exhibit C attached hereto is the same description contained in the recorded mortgage referenced in Paragraph 12, above.

14. On January 28, 2008 by assignment bearing that date, **WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC.** assigned said Note and Mortgage to **THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, WASHINGTON D.C.,** which Assignment was recorded in the Clerk/Register's office of MORRIS County, New Jersey on May 29, 2008 in Book 21092 of Assignments of Mortgage for said County at Page 714. See **Exhibit D**.

15. The mortgagor, **ESTHER ROSENBLATT** was deemed deceased on March 6, 2013.

16. The Mortgage provide, at paragraph 9, titled **Grounds for Acceleration of Debt**, "(a) Due and Payable. Lender may require immediate payment in full of all sums secured by this Security Instrument if: (i) a Borrower dies and the Property is not the principal residence of at least one surviving Borrower". **ESTHER ROSENBLATT** was the only borrower on the Note and Mortgage.

17. Demand for payment of all sums due under the Note and Mortgage was made, and payment has not been paid.

18. The Defendant, **ESTHER ROSENBLATT**, is indebted to the United States of America on behalf of the Secretary of Housing and Urban Development and there remains due the following sums to the Plaintiff. (See Statement of Account, attached hereto as **Exhibit E**, incorporated herein and made a part hereof as if fully written herein.)

| | | |
|---|---|---:|
| (a) | Unpaid Principal | $251,298.19 |
| (b) | Interest accrued in accordance with adjustable rate note/mortgage: Initial signing rate of 2.7900% per annum and adjustable every year thereafter | $91,499.81 |
| (c) | MIP Advances for tax payments and insurance Set forth in 24 CFR 206.27 & 206.103 *et seq.* and HUD Handbook 4330.1 (13-14) | $21,832.72 |
| (d) | Service Fee set forth in HUD Handbook 4330.1 (13-15) | $4,140.00 |
| | Total (as of June 5, 2015) | **$368,770.72** |

19.     Said Note and Mortgage contained an agreement that if any of the installments of taxes, assessments, water rents, charges, impositions or liens, levied upon the premises should remain in default, the mortgagee may pay the same, and such amount paid shall be a lien on said lands, added to the amount of the mortgage debt and secured by this mortgage.

20.     During the course of this action, the plaintiff may be obligated to make advances for the payment of taxes, insurance premiums, and necessary expenses and curative payments to preserve the security, and such sums advanced under the terms of the Note, together with interest, are to be added to the amount due on the mortgage debt and secured by the plaintiff's mortgage.

21.     On March 6, 2013, default occurred. The entire principal and interest, insurance and taxes and other charges became due and payable on plaintiff's mortgage and has not been paid. Plaintiff has elected that the whole of the unpaid principal and interest shall now be due.

22.     The following instruments or liens of record in the Office of the Register of MORRIS County, New Jersey which affect or may affect the premises described herein all of which instruments or liens are subordinate to the lien of the mortgage set forth above.

23. Mortgage from **ESTHER ROSENBLATT** to THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, dated January 14, 2004, recorded January 29, 2004 in Mortgage Book 16446, Page 33 in the amount of $435,478.50.

24. Any interest or lien which any of the defendants herein has or claims to have in or upon the said mortgaged premises or some part thereof is subject to the lien of plaintiff's mortgage.

## COUNT ONE

### Foreclosure on the Mortgaged Premises

25. Plaintiff repeats the allegations contained in Paragraphs 1 through 24 of the Complaint and makes same as part hereof as if repeated at length.

26. As a result of **ESTHER ROSENBLATT'S** default under the mortgage, Plaintiff is entitled to immediate payment of the entire unpaid balance due and owing under the loan documents, with interest accruing on such at the rate provided for under the mortgage, together with reasonable attorneys' fees and other charges as provided for under the mortgage.

WHEREFORE, plaintiff prays for judgment as follows:

(a) Fixing the amount due on its mortgage.

(b) Barring and foreclosing the defendants and each of them of all equity of redemption in and to said lands.

(c) Directing that the plaintiff be paid the amount due on its mortgage with interest and costs.

(d) Adjudging that said lands be sold according to law to satisfy the amount due plaintiff.

(e) Appointing a receiver of rents, issues and profits of said lands.

(f) Such other and further relief as the Court deems just and equitable.

## SECOND COUNT

### Possession of Mortgaged Premises

27. Plaintiff repeats any and all allegations of Paragraphs 1 through 26 of the Complaint and makes same a part hereof as if repeated at length.

28. By reason of the default in the terms of the mortgage referred to in the First Count of the Complaint, and by reason of the terms of the mortgage, plaintiff is entitled to possession of the premises described herein.

29. Defendants, **ESTHER ROSENBLATT, HER HEIRS, DEVISEES, PERSONAL REPRESENTATIVES AND HIS/HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST**; and **UNKNOWN TENANTS/OCCUPANTS 1-10** are now in possession of the premises described herein and have at all times deprived plaintiff of possession of said premises.

WHEREFORE, plaintiff prays for judgment as follows:

(a) That plaintiff or the purchaser at the foreclosure sale recovers possession of the mortgaged premises against said defendants or anyone holding under them and that Writ of Possession issue thereon.

(b) Damages for mesne profits.

(c) Costs.

(d) Such other and further relief as the Court deems just and equitable.

8

### DESIGNATION OF TRIAL COUNSEL

Frank J. Martone, Esq. is hereby designated as trial counsel for the Plaintiff, UNITED STATES OF AMERICA.

### CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned attorney certifies that there are no other actions pending or contemplated at this time related to the subject matter of this action.

### CERTIFICATION PURSUANT TO R. 4:5-1 AND R. 4:64-1

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any action pending arbitration proceeding. There is no other action or arbitration proceeding contemplated, nor is there any other party who should be joined in this action.

In accordance with Rule 4:64-1(a), I hereby further certify that a title search of the public record has been received and reviewed for the purpose of identifying any lien holders and/or other person and entities with an interest in the property that is subject to foreclosure. The effective date of the title search is April 10, 2015.

### CERTIFICATION OF DILIGENT INQUIRY TO BE ANNEXED TO RESIDENTIAL MORTGAGE FORECLOSURE COMPLAINTS PURSUANT TO RULE 1:5-6(c)(1)(E) AND RULES 4:64-1(a)(2) and (3)

Frank J. Martone, Esq., of full age, hereby certifies and says:

1. I communicated by e-mail with the following named employee(s) of THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, who stated that he/she personally reviewed the documents submitted to the Court and that he/she confirmed their accuracy.

2. The name, title and responsibilities of the plaintiff's employee(s) with whom I communicated are: GAYLENE FOX, PARALEGAL, OFFICE OF COUNSEL, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; OVERSEE FORECLOSURE FILES.

3. Based on my communication with the above-named employee(s) of plaintiff, as well as my own inspection of the loan information supplied by plaintiff and other diligent inquiry, I

execute this certification to comply with the requirements of Rule 1:4-8(a), 1:5-6(c)(1)(E), and 4:64-1(a)(2) and (3).

4. I am aware that I have continuing obligation under Rule 1:4-8 to amend this certification if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertions proffered by plaintiff in any court filings or documents in this case.

Respectfully submitted this 12th day of June, 2015.

By: _____
Frank J. Martone, Esq.
Attorney for Plaintiff
Frank J. Martone, P.C.
1455 Broad Street
Bloomfield, NJ 07003
973-473-3000
973-473-3243 – Fax
fjm@martonelaw.com

10

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. SECTION 1601, AS AMENDED

1. The amount of the debt is stated in paragraph 18 of the complaint attached hereto.

2. The plaintiff who is named in the attached summons and complaint is the creditor to who the debt is owed.

3. The debt described in the complaint attached hereto will be assumed to be valid by the creditor's law firm, unless the debtors, within thirty days after receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the debtor notifies the creditor's law firm in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5. If the creditor who is named as plaintiff in the attached summons and complaint is not the original creditor, and if the debtor makes written request to the creditor's law firm within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Written request should be addressed to Fair Debt Collection Clerk, Law Office of Frank J. Martone, P.C., 1455 Broad Street, Bloomfield, NJ 07003.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**